UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FLEAUX SERVICES OF LOUISIANA, LLC | CIVIL ACTION NO. 17-cv-0596 |
| VERSUS | JUDGE HICKS |
| VONTUR, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Fleaux Services of Louisiana, LLC filed this civil action in state court against Kenny Vontur and Circle B Measurement & Fabrication, LLC. Fleaux alleged that Vontur is a former employee who went to work for Circle B and made use of proprietary information that Vontur wrongfully diverted from Fleaux. The acts are alleged to constitute an unfair trade practice, and Fleaux seeks an unspecified amount of damages plus penalties and attorneys fees.

Vontur and Circle B removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth facts that establish complete diversity of citizenship and an amount in controversy that exceeds $75,000. The notice of removal does not contain specific citizenship information for any party. It merely alleges that the "parties are citizens of different states, all defendants are diverse in citizenship from plaintiff and agree to this removal and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and therefore, diversity of citizenship jurisdiction exists."

Facts to support those conclusions will be required if the removing defendants wish to meet their burden. The need to set forth citizenship with specificity at an early stage was emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where four years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court.

Mr. Vontur is an individual, so the notice should allege the state in which he is domiciled. Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002).

The names of Fleaux and Circle B indicate that they are limited liability companies. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

If the members of an LLC are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

If any member of one of the LLCs is itself an LLC or a partnership (limited or general), the same rules will apply to pleading citizenship with respect to that entity. If one

of the members is a corporation, it will be deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Counsel for Fleaux is directed to provide all necessary citizenship information for Fleaux to counsel for the removing defendants by **May 22, 2017**, and the removing defendants will be allowed until **May 31, 2017** to file an Amended Notice of Removal that sets forth the necessary citizenship information for all parties. They should also consider supplementing their allegations with respect to the amount in controversy. Neither the state court petition nor notice of removal contains any particular information about the value of any lost sales or the proprietary information at stake in this case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of May, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge